FRANKLIN SUGAR REFINING CO. v. UNITED STATES.

(Circuit Court, E. D. Pennsylvania. March 17, 1910.)

No. 64.

CUSTOMS DUTIES (§ 85*)—SUGAR BOUNTY—CORRECTNESS OF TREASURY DETERMINATION.

A treasury declaration as to the amount of sugar bounty allowed by a foreign country, under Tariff Act July 24, 1897, c. 11, § 5, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), which was properly issued, is presumably correct, and cannot be impeached or inquired into by the courts.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. §85.*]

On Application for Review of a Decision of the Board of United States General Appraisers.

John G. Johnson (James Wilson Bayard, of counsel), for importers.
D. Frank Lloyd, Asst. Atty. Gen. (Jasper Yeates Brinton, Asst. U. S. Atty., of counsel, and J. Whitaker Thompson, U. S. Atty., on the brief), for the United States.

HOLLAND, District Judge. This is an appeal from the decision of the Board of General Appraisers, affirming the action of the collector of customs at Philadelphia in assessing countervailing duties up-

on certain importations of sugar, some of which were imported under Act Aug. 27, 1894, c. 349, 28 Stat. 509, from France, and others imported under the act of 1897 from Austria.

As to the importations from France under the tariff act of 1894, the countervailing duty was levied by the collector upon authority of the department circular issued by the Treasury Department, signed by the Assistant Secretary, on May 10, 1907, and was in effect when the two importations from France were entered at the port of Philadelphia, the first on May 13th, and the second on June 11th, of the year 1897. As it further appeared, at that time, there was a French bounty fixed by an act of April 7, 1897, of that country, which was a date prior to the clearances in France of the vessels in which these importations were made, the importers were liable to pay the countervailing duty fixed by paragraph 182½ of the tariff act of August 27, 1894, and the department circular in question, signed by the Assistant Secretary, which we have held was properly issued. See the case of Franklin Sugar Refining Company v. United States (No. 42, April Sessions, 1906) 178 Fed. 743.

As to the importation from Austria, the decision of the Board of General Appraisers should be affirmed, for the same reason that the circular of September 22, 1897, issued by the Assistant Secretary, was properly issued and in effect at the time of the importation of the sugars from Austria under the tariff act of 1897, and the presumption is that the statements as to the bounties paid by Austria to the exporters as found in that department circular are correct. They cannot be impeached or inquired into by the courts. See Franklin Sugar Refining Co. v. United States, supra.

As to both importations the decision of the Board of General Appraisers is affirmed.